**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

JOEL ALEXANDRO HERNANDEZ,

      Petitioner,

  -against-

ANA YANETH ACEITUNO GUEVARA &
SANDA LUCIA HERRERA HERNANDEZ,

      Respondents.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**

22-CV-6587(GRB)(SIL)

**GARY R. BROWN, United States District Judge**:

Appearances:

Menachem M. White
Law Office of Menachem White
*Attorneys for Petitioner*
4 Brower Ave
Ste 3
Woodmere, NY 11598

Bruno Joseph Bembi
Law Office of Bruno Joseph Bembi
*Attorneys for Respondents*
P.O. Box 5248
Hempstead, NY 11551

James W. Meehan
Walden Macht & Haran LLP
*Attorneys for Interested parties RFHA & GLHA*
250 Vesey St
Ste 27th Floor
New York, NY 10281

  Presently before the Court is petitioner's motion *in limine* seeking to preclude the Court from conducting an *in camera* interview of the minor children subject to the instant petition. For the reasons set forth herein, petitioner's motion is **DENIED**.

1

**BACKGROUND**

Petitioner seeks the return of two minor children, RFHA and GLHA, currently residing in the United States with their biological mother and paternal aunt ("respondents"), pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention" or "Convention") as implemented by the International Child Abduction Remedies Act, 42 U.S.C. § 11601 et seq. ("ICARA"). The children were removed from Honduras and brought to the United States in January 2022. Petitioner filed his petition for their return before this Court on October 27, 2022.

On January 19, 2023, the parties filed a joint submission addressing various discovery issues and raised the prospect of the Court conducting an *in camera* interview of the children prior to trial. *See* DE 53. Both counsel for respondents and counsel for the children requested the interview and the petitioner's only response was a request that any interview be conducted at least one week prior to the hearing to allow the parties sufficient time to review the testimony. *Id.* On January 23, 2023, the Court scheduled an interview with the children for April 5, 2023. *See* Jan. 23, 2023 Electronic Order. On March 3, 2023, the Court rescheduled the interview to June 2, 2023. *See* Mar. 3, 2023 Electronic Order. On May 25, 2023, the Court, upon request of counsel for the children, advanced the interview to June 1, 2023. *See* May 25, 2023 Electronic Order. Petitioner filed this motion that same day—almost four months to the day after the Court initially scheduled the requested interview. The hearing is set for June 7, 2023.

**DISCUSSION**

In this context, the Second Circuit has noted:

The Hague Convention aims to protect children "from the harmful effects of their wrongful removal or retention" and to restore the "status quo, by means of the prompt return of children wrongfully removed to or retained in any Contracting State." *Gitter v. Gitter*, 396 F.3d 124, 129–30 (2d Cir.2005) (internal quotation marks omitted). Thus, the Convention

2

> demands the return of a wrongfully removed child to the child's habitual residence unless respondent establishes that an exception applies. See 22 U.S.C. § 9003(e)(2).
>
> Article 13 of the Hague Convention "permits a court to refuse to order the return of [a wrongfully retained] child if it finds that the child objects to being returned and has attained an age and degree of maturity at which it is appropriate to take account of its views." *Blondin v. Dubois*, 238 F.3d at 166 (internal quotation marks omitted). Whether a child is "old enough and mature enough" for his "views to be considered" is a question of fact, as is the determination that a child actually objects to returning to his country of habitual residence. *Id.* at 158.

*Tann v. Bennett*, 648 F. App'x 146, 148 (2d Cir. 2016).  Additionally, Article 13 provides for an exception to repatriation where the Court finds that returning the child to the place of their habitual residence would represent a grave danger to the child's wellbeing.  *Golan v. Saada*, 142 S. Ct. 1880, 1888 (2022) ("[R]eturn is not required if there is a grave risk that ... return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation.") (cleaned up).  Both exceptions are potentially germane here.

Petitioner asserts that the children have not yet reached an age of maturity under the Hague Convention such that the Court should not conduct the interview or consider their testimony.  The argument is circular: without conducting some inquiry, the Court would be unable to assess the children's maturity level and determine whether their views might be germane.  "'Whether a child is mature enough to have its views considered is a factual finding' that a district court must make in light of the specific circumstances of each case." *Haimdas v. Haimdas*, 720 F. Supp. 2d 183, 205 (E.D.N.Y.), *aff'd*, 401 F. App'x 567 (2d Cir. 2010) (quoting *Simcox v. Simcox*, 511 F.3d 594, 603 (6th Cir.2007)).  There is no bright line rule for an age at which the Court should consider a child sufficiently mature.  *Id.* ("The authors of the Hague Convention chose not to set a minimum age at which a child may be deemed sufficiently mature for a court to consider his objections to repatriation, and the Second Circuit has followed suit.").

3

Courts in this Circuit routinely conduct in camera interviews of children to assess the issue of maturity.  *See, e.g.*, *Tann*, 648 F. App'x at 149; *Cruvinel v. Cruvinel*, 2022 WL 757955, at *5 (E.D.N.Y. Jan. 10, 2022);  *Diaz Arboleda v. Arenas*, 311 F. Supp. 2d 336, 343 (E.D.N.Y. 2004); *Johnson v. Johnson*, 2011 WL 569876, at *6 (S.D.N.Y. Feb. 10, 2011); *In re D.T.J.*, 956 F. Supp. 2d 523, 527 (S.D.N.Y. 2013); *Taveras v. Morales*, 22 F. Supp. 3d 219, 221 (S.D.N.Y. 2014), *aff'd sub nom. Taveras ex rel. L.A.H. v. Morales*, 604 F. App'x 55 (2d Cir. 2015); *Royal Borough of Kensington & Chelsea v. Bafna-Louis*, 2023 WL 2387385, at *1 (S.D.N.Y. Mar. 7, 2023). Petitioner's motion constitutes a preemptive effort to preclude consideration of this important issue and well-established practice.  Suggesting, as petitioner has, that the children have been subject to "undue influence" does not advance the argument.

### CONCLUSION

Petitioner's motion to preclude the conducting of an *in camera* interview with the children is **DENIED**; the in camera interviews will proceed as scheduled.

**SO ORDERED.**

Dated: Central Islip, New York
May 31, 2023

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge

4