UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X

JOEL ALEXANDRO HERNANDEZ,

                Petitioner,

      -against-

ANA YANETH ACEITUNO GUEVARA &
SANDA LUCIA HERRERA HERNANDEZ,

                Respondents.

----------------------------------------X

**MEMORANDUM OF DECISION & ORDER**

22-CV-6587(GRB)(SIL)

**GARY R. BROWN, United States District Judge**:

Appearances:

Menachem M. White
Law Office of Menachem White
*Attorneys for Petitioner*
4 Brower Ave
Ste 3
Woodmere, NY 11598

Bruno Joseph Bembi
Law Office of Bruno Joseph Bembi
*Attorneys for Respondents*
P.O. Box 5248
Hempstead, NY 11551

James W. Meehan
Walden Macht & Haran LLP
*Attorneys for Interested parties RFHA & GLHA*
250 Vesey St
Ste 27th Floor
New York, NY 10281

      Presently before the Court is petitioner's motion *in limine* seeking to preclude the testimony and export report of Dr. Juanita Guerra and the testimony of the two minor children sought to be returned.  For the reasons set forth herein, petitioner's motion is **DENIED**.

1

## BACKGROUND

Petitioner seeks the return of two minor children, RFHA and GLHA, currently residing in the United States with their biological mother and paternal aunt ("respondents"), pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention" or "Convention") as implemented by the International Child Abduction Remedies Act, 42 U.S.C. § 11601 et seq. ("ICARA"). The children were removed from Honduras and brought to the United States in January 2022. Petitioner filed his petition for their return before this Court on October 27, 2022. The Court previously denied petitioner's motion to preclude the Court from conducting an *in camera* interview of the children, DE 88, and said interview was conducted on June 1, 2023. Petitioner additionally seeks to preclude the testimony of Dr. Guerra, contending that her testimony is not relevant and that her methodology is flawed, and any statements of the minor children.

## DISCUSSION

**Testimony Dr. Juanita Guerra**

*Relevance*

Petitioner seeks to drastically circumscribe the scope of these proceedings to focus solely on determining whether the children should be returned to their habitual place of residence, which he submits is Honduras. Assuming without deciding that petitioner is correct as to the children's habitual residence, this in no way impacts the Court's obligation to assess any of the relevant Article 13 exceptions. *See Saavedra v. Montoya*, No. 21-CV-5418(EK)(VMS), 2023 WL 2910654, at *15 (E.D.N.Y. 2023) ("Evidence that repatriation would expose the child to abuse at the petitioner's hands goes directly to the grave risk of harm that Article 13(b) seeks to preclude."). Thus, petitioner's recourse to Federal Rule of Evidence 401 and 403 is baseless as this testimony goes to the heart of the potentially applicable Article 13 exceptions. Indeed, courts in this Circuit

routinely rely on the testimony of psychiatric professionals when assessing the risk of harm exception and the mature child exception, both of which have been raised by respondents herein.[1] The Court sees no compelling reason to depart from this well-established practice. Petitioner's motion as to these materials is, therefore, **DENIED**.

*Methodology*

Petitioner does not appear to challenge Dr. Guerra's credentials, and, in any event, the Court is satisfied that Dr. Guerra is well-qualified to provide an opinion herein. *See* Curriculum Vitae, DE 83-1 at Ex. A. Instead, petitioner criticizes Dr. Guerra's implementation of certain techniques, but does not question the validity of her methodology—a ground which independently mandates denial of the motion. *See Jacquety v. Baptista*, 538 F. Supp. 3d 325, 338 (S.D.N.Y. 2021) (collecting cases supporting principle that criticisms of methodology go to weight and not admissibility). Of note, petitioner's argument that the report and opinions are unreliable because Dr. Guerra was retained for purposes of these proceedings runs contrary to the case law in this area. *See Pozniak v. Shwartsman*, No. 20CV2956AMDRML, 2021 WL 965238, at *6 (E.D.N.Y. Mar. 15, 2021) (finding expert testimony unreliable where "[psychiatrist] was not acting as an objective evaluator, but as a therapist for [the minor child] and the respondent's family."). Dr. Guerra was retained to opine on the risk of future harm to the children and their maturity level in these proceedings and is not a treating physician.

---

[1] *See, e.g.*, *Jacquety v. Baptista*, 538 F. Supp. 3d 325, 365-77 (S.D.N.Y. 2021) (collecting cases); *Saavedra*, 2023 WL 2910654 (concluding that Respondent failed to carry her burden due to "the absence of expert opinion on the nature of domestic violence as it relates to this matter, or the effects of Petitioner's behavior on [the minor child]."); *Elyashiv v. Elyashiv*, 353 F. Supp. 2d 394, 409 (E.D.N.Y. 2005) (relying on psychiatric expert); *Valles Rubio v. Veintimilla Castro*, No. 19-CV-2524(KAM)(ST), 2019 WL 5189011, at *15 (E.D.N.Y. 2019), *aff'd*, 813 F. App'x 619 (2d Cir. 2020) (relying on psychiatric testimony); *Cruvinel v. Cruvinel*, No. 19CV4237LDHSIL, 2022 WL 757955, at *6 (E.D.N.Y. 2022) (relying on psychiatric testimony); *Pozniak v. Shwartsman*, No. 20CV2956AMDRML, 2021 WL 965238, at *4 (E.D.N.Y. Mar. 15, 2021) (relying on psychiatric testimony).

Petitioner's other criticisms are similarly meritless.[2] Petitioner contends that Dr. Guerra's report is flawed because she "relied solely upon information from the Respondents and did not appear to make any efforts to obtain additional information about the family from Petitioner or any of his potential collaterals." DE 83-1 at 10. Dr. Guerra's report indicates that she interviewed the petitioner twice over the phone, with each interview lasting approximately one hour. DE 86-1 at 1. In addition to the respondents and the children, Dr. Guerra interviewed: (1) the children's therapist; (2) respondent Ana Guevara's therapist (3) petitioner's brother, located in Honduras; (4) petitioner's mother, located in Honduras; and (5) the family's friend and neighbor Mirian Sarabia, located in Honduras. *Id.* at 3-4. It was these individuals that independently corroborated the information provided to Dr. Guerra. Further, Dr. Guerra reviewed the filings in this case and copies of text messages between the parties that were provided to her by petitioner. *Id.* at 12. If there were additional materials or witnesses that petitioner wanted Dr. Guerra to consider, he was free to provide them to her or to retain his own expert to prepare a separate report. Having failed to do so, his recourse is to cross-examination, not exclusion.

As such, the motion seeking to preclude the report and testimony of Dr. Guerra is **DENIED**.

**Statements of the Minor Children**

Petitioner seeks to preclude all statements of the children, positing that they are not of sufficient maturity. *See* DE 83-1. Preclusion of these statements is **DENIED** for the reasons set forth in the Court's previous order denying preclusion of the *in camera* interview with the children. DE 88.

---

[2] Petitioner's argument that Dr. Guerra's report is unreliable because she failed to consider ameliorative measures that could allow the children to be returned to Honduras while protecting their safety is baseless given that the Supreme Court explicitly held that there is no categorical rule that district courts are required to consider ameliorative measures when assessing the Article 13 exceptions. *See Golan v. Saada*, 142 S. Ct. 1880, 1893 (2022).

**CONCLUSION**

Petitioner's motion to preclude the testimony and report of Dr. Guerra, related medical records, and all statements of the children is **DENIED**.

**SO ORDERED.**

Dated: Central Islip, New York
       June 5, 2023

                                            <u>/s/ Gary R. Brown</u>
                                            GARY R. BROWN
                                            United States District Judge